UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISON

| | |
|---|---|
| Thomas Leon Taylor,<br><br>PLAINTIFF<br><br>v.<br><br>Ofc. Debra Luz, Correctional Officer; Major J. Smith; Internal Affairs, Investigations; Tonya James, Warden; Hanger, Associate Arden; Jennifer McDuffie, Associate Warden; Capt. Brown Hearing Officer; Armstrong, Counsel Substitute; Huff, Hearing Officer; Bergarso, Lieutenant,<br><br>DEFENDANTS | Case No. 0:22-CV-0256-TLW<br><br><br>**ORDER** |

Thomas Leon Taylor ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 against the above-named defendants. ECF No. 1. This order relates to Plaintiff's motions for a temporary restraining order. ECF Nos. 66 & 78. These motions were filed on November 2, 2022, and November 30, 2022. Defendants filed responses in opposition on November 17, 2022, and December 14, 2022, respectively. Accordingly, Plaintiff's motions are ripe for review and disposition.

Plaintiff's motions were referred to the Honorable Paige J. Gossett, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). On December 21, 2022, the magistrate judge issued a report and recommendation ("Report") recommending that this Court deny Plaintiff's motions for a temporary

restraining order. ECF No. 94. The basis being that Plaintiff had failed to establish the four elements necessary for obtaining a temporary restraining order. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (noting that a plaintiff seeking a temporary restraining order or preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest). In support of this the magistrate judge noted that (1) Plaintiff has not specifically named the individuals responsible for the actions of which he complains, (2) relief against unnamed defendants is not available under Rule 65(a) of the Federal Rules of Civil Procedure, and (3) "Plaintiff has utterly failed to establish that he is likely to succeed on the merits." ECF No. 94 at 3.

Plaintiff was given until January 4, 2023, to file objections. *Id.* On January 2, 2022, he filed a motion requesting an extension of the time in which to file objections. ECF No. 97. The magistrate judge extended Plaintiff's deadline to file objections until February 25, 2023. ECF No. 106. This deadline has lapsed, and Plaintiff has not filed objections.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200

(4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Plaintiff's motions, the Defendants' responses in opposition, and the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 94, is **ACCEPTED**. Plaintiff's motions for a temporary restraining order, ECF Nos. 66 & 78) are **DENIED.**

IT IS SO ORDERED.

                                                       *s/ Terry L. Wooten*
                                                       Terry L. Wooten
                                                       Senior United States District Judge

March 3, 2023
Columbia, South Carolina