UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISON

| | |
|---|---|
| Thomas Leon Taylor, <br><br> PLAINTIFF <br><br> v. <br><br> Ofc. Debra Luz, Correctional Officer; Major J. Smith; Internal Affairs, Investigations; Tonya James, Warden; Hanger, Associate Arden; Jennifer McDuffie, Associate Warden; Capt. Brown Hearing Officer; Armstrong, Counsel Substitute; Huff, Hearing Officer; Bergarso, Lieutenant, <br><br> DEFENDANTS | Case No. 0:22-CV-0256-TLW <br><br><br> **ORDER** |

Thomas Leon Taylor ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 against the above-named defendants. ECF No. 1. Pending before the Court is a motion for summary judgment filed by Defendants Debra Luz, Jayson H. Smith, Tonya T. James, Joseph M. Henger, Jennifer D. McDuffie, Jerome K. Armstrong, and Pamela T. Hough (collectively "Defendants").[1] ECF No. 85. The Defendant's motion was referred to the Honorable Paige J. Gossett, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). Plaintiff was given four extensions of time providing him with four additional months to respond to Defendants' motion, yet he failed to do so. ECF Nos. 103, 106, 111, & 119. On May 17, 2023, the magistrate

---

[1] Hough was incorrectly identified as "Huff" in Plaintiff's complaint. *See* ECF No. 1.

judge issued the present Report and Recommendation ("Report") recommending that this Court grant Defendants' motion for summary judgment. ECF No. 136. Plaintiff filed purported "objections" to the Report. ECF No. 138. Accordingly, this matter is ripe for review, adjudication, and disposition.

## BACKGROUND

Plaintiff is a former inmate who was confined at the South Carolina Department of Corrections. ECF No. 85–1 at 1. While still an inmate, Plaintiff filed a complaint on January 27, 2022, alleging numerous causes of action against Defendants arising out of a series of disciplinary charges Plaintiff received on September 22, 2021 and September 28, 2021. ECF No. 85–2.

First, on September 22, 2021, Plaintiff made sexually explicit comments to Defendant Luz, and she charged him with the disciplinary offense of Harassment. *Id.* ¶ 3. Defendant Smith later changed that offense to Sexual Misconduct. *Id.* Later that same day, Plaintiff began engaging in sexual conduct and singing a sexual song while in the shower. *Id.* ¶ 4. Hearing the song, Defendant Luz, who was positioned at the officer's station nearby, glanced over her shoulder and saw Plaintiff engaging in sexual conduct with the shower curtain open. *Id.* When Plaintiff exited the shower for his cell, Defendant Luz identified him and he was charged with Exhibitionism and Public Masturbation. *Id.*

After receiving these disciplinary charges, Plaintiff filed a complaint pursuant to the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601, *et seq.*, alleging that Defendant Luz sexually harassed him. ECF No. 85–1 at 2. His

sexual harassment allegations were investigated and found to be unfounded, which resulted in the additional charge of filing a false PREA complaint. *Id.*; ECF No. 85–3 ¶¶ 3–11.

On September 28, 2021, Plaintiff alleges that Defendant Luz retaliated against him for filing a PREA complaint "by falsifying and fabricating three (3) more additional charges against me." ECF No. 1. at 22; ECF No. 85–1 at 11. Specifically, based on Plaintiff's conduct, he was charged with disciplinary offenses based on his threatening and hostile reaction to Defendant Luz's insistence that he be locked in his cell. *Id.* Plaintiff also alleges a retaliation claim against Defendant Jennifer McDuffie, who, as the PREA Compliance Manager, investigated Plaintiff's PREA complaint, determined it to be "unfounded," and then charged Plaintiff with filing a false PREA complaint, which he was convicted of on November 30, 2021. *Id.*

Plaintiff filed this action on January 27, 2021. ECF No. 1. Defendants moved for summary judgment on December 19, 2022. ECF No. 85. Plaintiff, with the advantage of four extensions of time, was given 134 days, or until May 2, 2023, to respond. He did not do so. Nine days after the deadline expired, Plaintiff moved for a fifth extension of time. ECF No. 132. His motion set forth no cognizable basis for further extending his time to respond. *Id.* The magistrate judge denied his motion eleven days later via the following Text Order:

> **DOCKET TEXT ORDER** denying 132 Plaintiff's Fifth Motion for Extension of Time. Despite filing a nine-page motion, Plaintiff has failed to demonstrate extraordinary circumstances necessary to justify an additional extension within which to file a response to the defendants' motion for summary judgment. Plaintiff has received multiple generous extensions from the court and has had

> approximately five months to file a response to the defendants' motion. Plaintiff's argument that prison officials are "preventing [his] federally regulated mail [] from exiting the facility" is belied by the filing of his current motion and the substantial previous filings by Plaintiff in this case. The motion for summary judgment will be decided on the record presented in support of the defendants' motion. *See* Local Civil Rule 7.06 (D.S.C.). Entered at the direction of Magistrate Judge Paige J. Gossett on 5/22/2023.

ECF No. 134. On June 6, 2023, the magistrate judge entered the instant Report recommending that this Court grant Defendants' motion for summary judgment. ECF No. 136. Plaintiff has filed objections to the Report. ECF No. 138.

## THE REPORT

In her detailed Report, the magistrate judge concludes that Defendants' motion for summary judgment should be granted for the following reasons:

(1) First, with regard to Plaintiff's due process claims, his claims arising out of the November 5, 2021 disciplinary are barred by *Heck v. Humphry*, 512 U.S. 477 (1994) because Plaintiff cannot demonstrate the disciplinary convictions at issue have been previously invalidated. ECF No. 136 at 2.

(2) Second, Plaintiff cannot show that he was deprived of his right to due process because he was not sanctioned with the loss of good time credits, restrictive confinement, or some other restriction that implicates his right to due process. *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Hence, Defendants could not have interfered with Plaintiff's right to due process in those proceedings. *Id.*

(3) Third, regarding Plaintiff's right to privacy claims arising out of his encounter with Defendant Luz while he was engaged in sexual conduct in the shower, the magistrate judge found that Plaintiff "cannot present evidence of such a violation here based on Defendant Luz's purported brief exposure to [Plaintiff's] genitals when Luz was investigating [Plaintiff's] in the shower." *Id.* at 3. In support of this, the magistrate notes caselaw, holding that "infrequent or isolated exposure of male's bodies to female guards does not violate the constitution." *Id.* (collecting cases).

(4) Fourth, as to Plaintiff's retaliation claims, the Report concludes that Plaintiff "cannot produce evidence to support a retaliation claim" because "the record shows that Defendant Luz was not aware of [Plaintiff's] PREA complaint and Defendant McDuffie filed disciplinary charges against [Plaintiff] because there was evidence [his] PREA complaint was false." *Id.* at 4.

(5) Finally, the magistrate judge found, regarding Plaintiff's failure to protect claim, that Plaintiff "fails to identify a serious deprivation from which the defendants failed to protect him." *Id.*

Accordingly, for these reasons, the magistrate judge recommends granting Defendants' motion for summary judgment. *Id.* at 5.

## PLAINTIFF'S OBJECTIONS

As noted, Plaintiff filed objections. ECF No. 138. His seven pages of objections largely consist of attacks on the magistrate judge's integrity and her purported participation in a conspiracy in which

> she has purposely with malice of deliberate indifference unethical intentions, violated [Plaintiff's] constitutional and civil rights due process of having adequate unhindered, unoppressed, and unobstructed access to the courts by conspiring to discriminate and retaliated upon my cases opportunity of succeeding on the merits, by setting in motion the grounds for it to be prejudicially sabot ached with cruel & unusual assaults of obstruction of justice.

*Id.* at 4 (grammar and punctuation left unaltered). However, in spite of this assertion, Plaintiff declines to respond to the substance of the Report, stating: [t]herefore it is essential to my best welfares of interests, not to respond to Paige J. Gossett's frivolously filed Report and Recommendations [.]" *Id.* at 7 (grammar and punctuation left unaltered).

## ANALYSIS

The Court is charged with reviewing *de novo* any portion of the magistrate judge's Report to which a *specific objection* is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed, *de novo*, Defendants' motion for summary judgment, the Report, and Plaintiff's purported "objections". The Court finds that Plaintiff's "objections" are neither specific nor address the substance of the Report. Instead, they attack the integrity of the magistrate judge and allege a wide-ranging conspiracy against Plaintiff—in support of which he has provided no evidence. Further, Plaintiff explicitly asserts that he will not respond to the Report. Plaintiff's purported "objections" are not proper objections to the Report. *See United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.

2007) (To constitute a "specific objection" warranting *de novo* review, an objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection."). Accordingly, for the reasons stated by the magistrate judge, the Report, ECF No. 136, is **ACCEPTED**, Plaintiff's "objections" are **OVERRULLED**, and Defendants' motion for summary judgment, ECF No. 85, is **GRANTED.**

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 13, 2023
Columbia, South Carolina